

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| LILLIE ASBURY, | ) | |
| Plaintiff | ) ) ) | No. 05 C 5483 |
| v. | ) ) ) | The Honorable William J. Hibbler |
| PEOPLE'S CHOICE HOME LOAN, INC., | ) ) ) | |
| Defendant. | ) | |

## MEMORANDUM OPINION AND ORDER

Lillie Asbury brings this Fair Credit Reporting Act claim on behalf of herself and similarly situated persons in Cook County, Illinois. Asbury claims that People's Choice Home Loan, Inc. accessed her credit report without a permissible purpose, violating 15 U.S.C. § 1681b. According to Asbury, the solicitation sent to her does not constitute a "firm offer of credit," and she seeks statutory damages. Asbury moves for class certification, which PCHL opposes.

People's Choice offers three reasons why class certification is inappropriate, arguing that: (1) Asbury is not an adequate class representative because she has eschewed pursuit of actual or punitive damages[1]; (2) individualized issues of liability and damages predominate; and (3) a class action is not a superior means of adjudication because People's Choice would face statutory damages far in excess of actual harm suffered by putative class members. The Court finds none of the reasons offered by PCHL convincing.

---

[1] PCHL also suggests in passing that Asbury is not an adequate representative because she amended the complaint to reduce the potential class size. PCHL fails to develop this cursory argument anywhere in its brief, and Court rules that PCHL has therefore waived it.

Federal Rule of Civil Procedure 23 governs the certification of class actions. Fed. R. Civ. P. 23. Rule 23(a) contains four prerequisites to certifying a class, the first three of which are not in dispute here.[2] PCHL argues that Asbury cannot demonstrate that she is an adequate representative because she eschewed actual or punitive damages. PCHL's argument is frivolous. The Seventh Circuit has expressly held that a decision to pursue only statutory damages in a FCRA class action does preclude the certification of a class. *Murray v. GMAC Mortgage Corp.*, 434 F.3d 948, 952-53 (7th Cir. 2006). In fact, the Seventh Circuit went so far as to state that such a rule would "make consumer class actions impossible." *Id.* at 952. The opinion in *Murray* is so squarely against PCHL's position that its argument to the contrary runs afoul of Fed. R. Civ. P. 11(b)(2), which requires counsel to make only those legal contentions that are supported by the law or a nonfrivolous argument for the modification of the law. Fed. R. Civ. P. 11(b)(2); *see also* L.R. 83.53.3(a)(3) (requiring counsel to disclose authority directly adverse to its position and not disclosed by opposing counsel).

Next PCHL argues that Asbury has not alleged an actual injury and that an imposition of statutory damages for the putative class would impose "catastrophic liability" and therefore a more appropriate mechanism for litigating the suits would be thousands of "costless" individual actions. This argument is also frivolous, as the Seventh Circuit has expressly rejected it. *Murray*, 434 F.3d at 953-54 (commenting that it is not appropriate for a district judge to use procedural devices to undermine laws which he thinks are unfair). Again, PCHL's argument and failure to acknowledge

---

[2] PCHL argues that individualized issues predominate, making class certification inappropriate under Rule 23(b)(3). PCHL, however, does not make a claim that there are not common questions of law or fact (a prerequisite under 23(a)(2)) or that Asbury's claims are not typical of those of the class (a prerequisite under 23(a)(3)).

2

the law as set forth in *Murray* or to make a good faith argument to modify that law runs afoul of Rule 11.

Finally, PCHL argues that individual issues predominate because the court would be required to make individualized inquiries into the question of the impact of PCHL's mailing on each putative class member and the appropriate level of statutory damages on each putative class member. Again, its argument is frivolous. The Seventh Circuit has noted that it does not read *Cole v. U.S. Capital, Inc.*, 389 F.3d 719 (7th Cir. 2004) "to require a consumer-by-consumer evaluation." Instead, "an offer has value to 'the consumer' if it is useful to the *normal* consumer." *Murray*, 434 F.3d at 955. As the Seventh Circuit noted, to hold otherwise, would produce an unreasonable result where *Cole* would foreclose all class actions under the FCRA and where any lender would be unable to know beforehand whether it would be entitled to obtain credit information. *Id.* at 955-56. Again, PCHL's argument to the contrary runs afoul of Rule 11.

The Court finds that Plaintiff has met the requirements of Rule 23(a). In this case, the Plaintiff has adequately demonstrate that the class is sufficiently numerous (numbering in the thousands), that there are common questions of law and fact (whether PCHL's mailing constitutes a firm offer of credit — indeed this appears to be the single question), that Asbury's claims are typical of other class members (she, like other members of the purported class, received the mailing purporting to make a firm offer of credit), and that Asbury and her counsel, experienced consumer class action litigators will adequately represent the class. Further, as noted in *Murray*, Rule 23(b)(3) was "designed for situations such as this, in which the potential recovery is too slight to support individual suits, but injury is substantial in the aggregate." *Murray*, 434 F.3d at 953. A single action with the putative class proposed by Plaintiff is superior to thousands of individual actions, which

3

would instantly overcrowd the Northern District's docket. Consequently, the Court certifies a class consisting of: (a) all persons with Cook County addresses (b) to whom PCHL sent or caused to be sent material in the form represented by Exhibit A to Plaintiff's Amended Complaint (c) on or after September 22, 2003 and before October 12, 2006 and (d) who did not obtain credit in response thereto.

Further, because Defendant's arguments in opposition to class certification run so squarely against Seventh Circuit precedent as established by *Murray*, Defendant's counsel is directed to show cause on or before April 2, 2007 why they should not be sanctioned pursuant to Rule 11(b)(2).

IT IS SO ORDERED.

3/12/07
Dated

The Honorable William J. Hibbler

4